53 CCPA

**M. K. M. KNITTING MILLS, INC.,**
Appellant,

v.

**DAMON CREATIONS, INC., Appellee.**

**Patent Appeal No. 7638.**

United States Court of Customs
and Patent Appeals.

April 7, 1966.

Rehearing Denied June 9, 1966.

Martin and Kirkpatrick, JJ., dissented.

—————◆—————

Oliver C. Morse, Boston, Mass., for appellant.

Russell L. Law, Washington, D. C., for appellee.

Before RICH, Acting Chief Judge, MARTIN, SMITH and ALMOND, Judges, and Judge WILLIAM H. KIRKPATRICK.*

* United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate in place of Chief

RICH, Acting Chief Judge.

This appeal is from the decision of the Trademark Trial and Appeal Board (abstract 144 USPQ 777) granting appellee's petition to cancel trademark registration No. 747,904, issued April 9, 1963, on the Principal Register, of the following mark for shirts, swimsuits and sweaters for men:

Petitioner-appellee relied on three Principal Register registrations: No. 684,827 of Sept. 8, 1959, for a composite mark with design including a pair of theatrical masks and the words "OFF-BEAT by damon"; No. 717,628 of June 27, 1961, for the word mark DAMON; and No. 721,064 of Sept. 5, 1961, for the word mark BY DAMON CREATIONS. The goods in the first-named registration are men's neckwear and the goods named in the other two are inclusive of the goods named in appellant's registration. There is no issue as to appellee's priority. The sole issue, therefore, is whether concurrent use of appellant's mark and any one of appellee's marks would be likely to create confusion, mistake, or deception. Trademark Act of 1946, section 2(d), as amended (15 USC 1052(d)).

Neither party took testimony. Both parties briefed and argued the case in this court. Appellee relies only on the "Damon" portions of its registered marks.

Appellant relied quite heavily on our reasoning in In re General Electric Co., 304 F.2d 688, 49 CCPA 1186 (1962), wherein we held confusion unlikely between the simple word marks VULCAN and VULKENE, pointing out that VULCAN is a well-known name, hence familiar to the American people, whereas

Judge WORLEY, pursuant to provisions of Section 294(d), Title 28, United States Code.

VULKENE has the characteristics of an arbitrary coined word. We felt that people would readily distinguish between the familiar and the unfamiliar and would not be confused by reason of the obvious similarities between the two marks. The argument is, of course, that the same is true as between the mark 'dar men' and the mark DAMON, the latter being the common name.

Appellee does not dispute that DAMON is a common surname. It is argued, however that "Darmen * * * *looks* like a name * * *." Appellee supports this proposition by allegedly finding a Darman in the Boston Telephone Directory (not of record) and a Darmon in the St. Louis Telephone Directory (not of record). It overlooks, however, the form of appellant's registered mark, which does not look like a name and, moreover, ends in "men."

The "hard core of appellee's complaint in this proceeding," says its brief, is that 'dar men' and DAMON would probably be pronounced alike, at least in certain areas of the country. The theory is rather finely spun and we think it would have to be to arrive at such a conclusion. It involves the premise that some New Yorkers and eastern New Englanders do not pronounce their "r's" in certain words. While that may be true, we do not see its application to the present fact situation. As appellant points out, the name Damon is in the dictionary and its pronunciation is given with a long "a", with the sound of the word "day." We think it would not be likely to be pronounced otherwise. We also think that even people who drop their "r's" would not pronounce 'dar men' with the "day" sound. Even without the "r" sound, the presence of the "r" calls for pronunciation of the "a" as *ah*. Therefore we conclude, contrary to the board, that the marks are not reasonably susceptible to similar pronunciation.

We also are constrained to disagree with the board that the marks look alike. In saying that they do, the board opinion merely compares "Damon" and "Darmen" —typed just so—ignoring the design features of the mark as shown in the registration sought to be cancelled and reproduced above. We regard the design as a limitation of the registration which should be given some effect and which appears to have been ignored.

We think the principles we applied in the *General Electric* case apply here and therefore the decision of the board is reversed.

Reversed.

MARTIN, Judge, with whom KIRKPATRICK, Senior District Judge, joins (dissenting):

The goods of the parties overlap. The spelling and appearance of the marks are highly similar, and the sound even more so. When the marks are considered, each in its entirety and removed in time and distant in place, it is clear to me that their concurrent use would be likely to cause confusion, mistake, or to deceive. This is particularly true since the marks can be used in speech. Appellant has not persuaded me of clear error in the board's decision, and thus I would affirm.